IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STACY DAMOND MITCHELL | § | |
| v. | § | CIVIL ACTION NO. 6:14cv468 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Stacy Mitchell, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mitchell's claims centered around an assault upon him by Sgt. Bradley Norton on April 26, 2012. Norton was ordered to answer the lawsuit and all of the other defendants were dismissed.

The Attorney General for the State of Texas notified the Court that Sgt. Norton was no longer employed by the Texas Department of Criminal Justice, Correctional Institutions Division and had not executed a waiver of service permitting the Attorney General to receive service of process on his behalf. The Court thereupon issued summons upon Norton and directed that service be effected by the United States Marshal. Service of process was attempted upon Norton but was returned unexecuted.

The Court directed Mitchell to furnish a current and valid address for Norton at which service could be effected or to show cause why the claim against Norton should not be dismissed without prejudice for failure to effect service of process. Systems Signs Supplies v. U.S, Department of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derozier, 859 F.2d 1509, 1512 (5th Cir.

1

1988). In response, Mitchell stated that he cannot locate Norton because he is incarcerated and requested that the Court use its own resources to do so.

After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed without prejudice, with the statute of limitations suspended for an appropriate period of time. A copy of this report was sent to Mitchell at his last known address, return receipt requested, but no objections have been received; accordingly; he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the report of the magistrate judge. Upon such review, the Court has determined the report of the magistrate judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

**ORDERED** that the report of the magistrate judge (docket no. 37) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claims against the Defendant Bradley Norton, which are the last remaining claims in the lawsuit, are **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process. Fed. R. Civ. P. Rule 4(m). It is further

**ORDERED** that the statute of limitations on the Plaintiff's claims against Norton is **SUSPENDED** for a period of 120 days following the date of entry of final judgment in this case. Should Mitchell discover a current and valid address for Norton within that period of time, he may refile his lawsuit or seek the reopening of the present one. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 29th day of April, 2016.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE